DOGGETT, BASKETT & HILL COMPANY, Respondent, v. T. T. WIMER *et al.*, Appellants.

Kansas City Court of Appeals, May 1, 1893.

1. **Attachment**: PRIOR AND SUBSEQUENT: PAYMENT FOR JUDGMENT. A *bona fide* creditor's *bona fide* attachment for existing good cause is not destroyed or his right postponed to subsequent creditors for the reason that he pays the debtor defendant a money consideratien to permit a judgment sustaining the well founded attachment and for the debt.

2. ———: ———: RELEASING PORTION OF ATTACHED GOODS. The fact that the prior attaching creditor releases a portion of the attached property does not have the effect to postpone his attachment on the balance of the goods to the claim of subsequent attaching creditors.

*Appeal from the Barton Circuit Court..*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*M. T. January,* for appellant.

(1) A preference by an insolvent is lawful only when voluntary. A purchased preference is fraudulent and void. Bump on Fraudulent Conveyances [2 Ed.] pp. 191–2; *Kissom v. Edmonson,* 1 Ired. Eq. 180; *Pettibone v. Stevens,* 15 Conn. 19; *White v. Graves,* 8 J. J. Marshall (Ky.), 523. (2) The stipulation for reversal of the judgment of the circuit court in the case of Locke, Hulett & Co. filed in the court of appeals was an attempted fraud on the rights of the moving creditors whose attachments were subsequent in time. The agreement to file the stipulation and procure a reversal in the case of Locke, Hulett & Co., was a part of the same contract by which the plea in abatement in this case was withdrawn and judgment entered in favor of respondent, and if that part of the contract relating to the Locke, Hulett *case* was fraudulent it ought to vitiate the entire contract and postpone the lien of respondent to that of the moving creditors.

*Scott & Hoss* and *G. S. Hoss,* for respondents.

ELLISON J. —This case comes here on the appeal of Glaser Brothers and others, creditors of the defendant Wimer. They are styled, moving creditors, and filed their motion to postpone the lien of plaintiff's attachment to theirs which had been subsequently levied.

There was a demurrer to their motion sustained by the trial court.

It seems, from the allegation of the motion, that plaintiff and several others, including Locke, Hulett & Co., all creditors of defendant Wimer, instituted attachment suits against Wimer on December 10, 1889, the writs being levied on the same day, one day ahead of the attachment of these moving creditors. That thereafter Locke, Hulett & Co., were defeated in their attachment on trial of the plea in abatement, but that they duly appealed the cause to this court. That while this appeal was pending plaintiff's and the other prior attaching creditors entered into an alleged fraudulent agreement to have their attachments sustained, the effect of which will be to thereby absorb the fund in the sheriff's hands to the exclusion of these moving subsequent attaching creditors. That by said agreement the prior attaching creditors release certain notes, accounts and debts due defendant Wimer, and that they agreed to and did pay said Wimer $1,000 in money. And that afterwards judgments were rendered in favor of the prior attaching creditors, sustaining their attachments, as well as for their demands, including the attachment and demand of Locke, Hulett & Co.

It is not charged in the motion that the debts of the prior attaching creditors were not *bona fide*. It is not charged that the causes alleged for attachment in aid of their suits were not *just and true*. Nor is it alleged that any part of the attached property was taken or held by the prior attaching creditors for the use or benefit of the debtor defendant. The only specifications upon which the charge of fraud is founded consist in the charge that defendant was paid $1,000, and that certain notes and accounts were released from the prior attachment. The question then comes to this: *First*, whether a *bona fide* creditor's *bona fide*

attachment for existing good cause is destroyed or his rights postponed to subsequent creditors for the reason that he pays the debtor defendant a money consideration to permit a judgment sustaining the well founded attachment and for the debt. We answer the question in the negative. On such a state of facts the creditor is entitled to his debt and is entitled to have it made out of the property attached. By obtaining judgment, he only obtains his rights. The fact that he pays a consideration to the debtor defendant to permit him to have judgment rendered without contest, ought not to work to his detriment, since he could have obtained the same result at the end of a contest. He may conclude that expenses, time and trouble will be saved to him, and, as his position, fairly obtained, is already ahead of subsequent attaching creditors, it is not seen why such action should be annulled at the instance of the latter class of creditors.

*Second.* Does the fact that the prior attaching creditor releases a portion of the attached property have the effect to postpone his attachment on the balance of the goods to the claim of subsequent attaching creditors? We answer this also in the negative. We cannot understand what obligation the prior attachment creditor is under to the subsequent creditor. The subsequent attaching creditor ought to have levied this attachment on such goods before they were released. The release would then have operated to his benefit. There is no pretense that the prior creditor did any thing towards concealing or disposing of the effects released, or that they were in any way responsible for the subsequent creditors, not having included them in their attachment.

Appellants state that the trial court based its ruling on the demurrer on the authority of *Adler v. Anderson*, 42 Mo. App. 189, and then distinguish that

case from this. But whatever may have been the reason governing the circuit court, our opinion is it was right in the disposition made of the motion. The other authorities cited us by counsel are not thought to be applicable to the facts of this case. The judgment must be affirmed. All concur.