THOMAS J. LANE, Appellant v. WILLIAM WHITE, Defendant; FRANK MEYERS, Attaching Creditor, Respondent.

St. Louis Court of Appeals, December 24, 1895.

Attachments: APPELLATE REVIEW OF ADJUDICATION OF PRIORITY. The action of the circuit court, in determining the priority of conflicting attachments under section 570 of the Revised Statutes, is subject to appellate review upon the evidence; but the ruling of the circuit court sustaining a motion for such priority must be affirmed on appeal therefrom, when the record does not preserve the entire evidence and the motion is well taken upon its face.

*Appeal from the Scotland Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

*R. D. Cramer* and *W. L. Berkheimer* for appellant.

*McKee & Jayne* for respondent.

BOND, J.—This is a contest between two attaching creditors over the disposition of the proceeds, in the hands of the sheriff of Scotland county, arising from the sale of certain personal property levied upon by him in the attachment suit of one of the creditors, Thomas J. Lane, against William White, and also levied upon by said sheriff in an attachment suit brought by the other creditor, Frank Meyers, against said White and one Thomas L. Ervine as composing the firm of White and Ervine. Each of said creditors recovered judgment in his suit, whereupon a written

motion for pricrity in the distribution of the funds in the hands of the sheriff was made by claimant Meyers on the ground stated in the motion, that the property attached in both suits was copartnership property, and the debt upon which judgment was recovered in his favor was a copartnership debt. This motion was answered in writing by one Woods who was administrator of the partners and had charge of the partnership estate under the orders of the probate court, the surviving partner having failed or refused to qualify. It was resisted by the other claimant, Thomas J. Lane (though the bill of exceptions does not show that he made any answer thereto), on the ground that the latter was entitled to priority because of the prior rendition of his judgment against one of the members of the firm, and that the copartnership had been dissolved when the attachment in aid of his suit was levied. Claimant Meyers replied to the written answer of the administrator by a general denial. The issues thus made were submitted to the court for decision. It was thereupon admitted in open court by both claimants that White and Ervine were partners when they gave their note as such to claimant Meyers, and as such owned the property purchased therewith, and that this property was the same which had been attached in each of the suits of said claimants. After hearing other evidence adduced by the parties, the court rendered judgment sustaining the motion of said claimant Meyers for priority of satisfaction of the judgment recovered by him out of the funds in the hands of the sheriff, and certified said judgment to the probate court where the administration of said copartnership estate was being conducted. From this judgment claimant, Thomas J. Lane, has appealed to this court.

The action of the court in determining priority between two attaching creditors, under the provisions

of section 570 of the Revised Statutes of 1889, is subject to review on appeal upon the evidence. *Doggett v. Wimer*, 54 Mo. App. 125. It necessarily results that, where all the evidence which was before the trial court is not preserved in the record, the action of the court must be sustained, unless it appears by the motion itself that it was not well taken. The motion for priority made by the claimant contains sufficient averments to warrant the order made thereon, and part of the testimony offered in support of the motion, to wit, the deposition of William Hartzell, is not contained in the bill of exceptions. This fact, of itself, under the views above stated, must lead to an affirmance of the judgment.

All the judges concurring, the judgment is affirmed.